FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

# Jan 11, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GREGG FREITAS and RYAN CALVERT, individually and on behalf of all others similarly situated, | No. 2:19-CV-00383-SAB |
| Plaintiffs, | |
| v. | **ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS** |
| HEARTLAND EXPRESS, INC OF IOWA, | |
| Defendant. | |

Before the Court is Defendant's Motion for Judgment on the Pleadings as to Causes of Action Three, Nine, and Ten and Causes of Action Deriving from a Meal or Rest Break Claim, ECF No. 61. The Court held a hearing on the motion by videoconference on January 7, 2022. Plaintiffs were represented by Nathan Piller and Toby Marshall—Mr. Piller presented arguments on behalf of Plaintiffs. Defendant was represented by Cara Sherman and Todd Reuter—Ms. Sherman presented arguments on behalf of Defendant.

Having considered the briefing, caselaw, and the parties' arguments, the Court grants Defendant's motion.

//

//

//

**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS**
# 1

### Factual and Procedural Background

The following facts are pulled from the Class and Collective Action Complaint, ECF No. 1.

Defendant Heartland Express of Iowa, Inc. is a trucking company that provides nationwide freight transportation services for major shippers across the United States.[1] Defendant employs drivers that are responsible for routes spanning thousands of miles and which keep them away from home for weeks at a time.

Plaintiffs state that, while drivers are out on the road, Defendant does not pay for lodging except in exceptional circumstances, such as if the truck is broken down, there are weather conditions that threaten the driver's safety, or the driver needs medical attention—but even in these circumstances, whether the driver can stay in a hotel is based on their manager's discretion. Otherwise, the driver must either pay for lodging out of pocket or stay in the truck's sleeper berth—a space in the truck's cab with a bunk, but without a sink or a bathroom. Plaintiffs also state that Defendant does not schedule sleeping periods for its drivers and only considers compensable work hours to be hours explicitly logged as "on-duty" or "driving," which excludes sleeper berth time.

Plaintiffs Gregg Freitas and Ryan Calvert filed their Complaint on November 5, 2019. ECF No. 1. In the Complaint, both Plaintiffs sought to bring an opt-in collective action under the Fair Labor Standards Act ("FLSA") for failure to pay over-the-road truck drivers minimum wages at the statutorily mandated rate of $7.25 an hour by excluding sleeper berth time from compensable work hours and failure to keep required and accurate records of all hours worked by these drivers. Plaintiffs defined the collective as "all individuals who are currently employed, or

---

[1] Plaintiff Freitas was previously employed by Interstate Distributor, Inc., which Heartland acquired in 2017. But Plaintiffs clarify that any reference to "Defendant" is intended to refer to both Interstate and Heartland. ECF No. 1 at 15.

**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS**
# 2

formerly have been employed as over-the-road truck driver[s] for Interstate Distributor Co. and/or Heartland Express, Inc., in the United States at any time beginning three years before the filing of this Complaint." *Id.* at 21.

Additionally, each Plaintiff sought to bring a class action against Defendant under their respective state laws. Plaintiff Gregg Freitas ("Plaintiff Freitas") sought to bring a class action under Washington state law for failure to pay minimum wages, provide meal and rest breaks, ensure breaks are taken, and pay wages owed at termination, as well as for willfully depriving employees of full compensation and engaging in unfair or deceptive acts. Plaintiff Freitas defined the class as "other similarly situated individuals who worked as over-the-road truck drivers for Defendant while residing in Washington at any time beginning four years before the filing of this Complaint through resolution of the action." *Id.* at 11.

Plaintiff Ryan Calvert ("Plaintiff Calvert") sought to bring a class action under California state law for failure to pay minimum wages and full compensation, provide meal and rest breaks, ensure breaks are taken, pay wages owed at termination, and provide accurate, itemized wage statements. Plaintiff Calvert defined the class as "other similarly situated individuals who have worked as over-the-road truck drivers for Defendant in California at any time beginning four years before the filing of this Complaint, through resolution of this action." *Id.* Plaintiffs requested that the Court certify the collective action and the two class actions, designate Plaintiffs as the class representatives, award damages (compensatory, statutory, liquidated, treble, interest, and all other lost benefits), order Defendant to identify all relevant employees and restore restitution, and award reasonably attorney's fees/costs.

The Court issued a Scheduling Order on March 27, 2020. ECF No. 18. The Court gave the parties a deadline of July 31, 2020 to file a motion for conditional class certification, which it then extended to November 30, 2020. ECF Nos. 18, 20. Plaintiffs filed their Motion for Conditional Certification on November 30, 2020.

**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS**
# 3

ECF No. 22. The hearing date for the motion was originally set for December 30, 2020, but was reset for a March 4, 2021 without oral argument due to the parties' request to extend briefing deadlines. ECF Nos. 22, 28.

On March 9, 2021, Defendant filed a Motion to Stay Proceedings. ECF No. 35. Defendant requested that the Court stay the case while *Jacqueline Connell and Francine Adams v. Heartland Express, Inc. of Iowa*, a class and collective action pending in the Central District of California ("*Connell*"), went through the preliminary settlement approval process. The Court granted the request for a stay on April 9, 2021. ECF No. 47.

On June 15, 2021, the parties filed a joint status report, indicating that the *Connell* Court vacated its preliminary approval of the settlement. ECF No. 49. Thus, on June 22, 2021, the Court lifted the stay and reset the class certification briefing schedule. ECF No. 51. On October 22, 2021, the Court granted Plaintiffs' Motion for Equitable Tolling of the FLSA Statute of Limitations and reset the hearing date for Plaintiffs' Motion for Conditional Certification until after class certification briefing was complete. ECF No. 60.

On November 1, 2021, Defendant filed its current Motion for Judgment on the Pleadings as to Causes of Action Three, Nine, and Ten and All Causes of Action Deriving from a Meal or Rest Break Claim. ECF No. 61.

### Legal Standard

Federal Rule of Civil Procedure 12(c) states that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Under Rule 12(c), the Court can grant judgment on the pleadings when—accepting all factual allegations in the complaint as true—there is no issue of material fact in dispute and the moving party is entitled to judgment as a matter of law. *Fleming v. Pickard,* 581 F.3d 922, 925 (9th Cir. 2009). The Ninth Circuit has stated that the Rule 12(c) standard is "substantially identical" to the Rule

**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS**
# 4

12(b)(6) standard. *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (internal quotations and citation omitted).

Rule 12(b)(6) allows a party to move for dismissal if the plaintiff has failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Dismissal under this rule is only proper if there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Taylor v. Yee*, 780 F.3d 928, 935 (9th Cir. 2015); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When considering a 12(b)(6) motion, the court accepts the allegations in the complaint as true and construes the pleading in the light most favorable to the party opposing the motion. *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). However, this does not require the Court "to accept as true legal conclusions couched as factual allegations." *Parents for Privacy v. Barr*, 949 F.3d 1210, 1221 (9th Cir. 2020).

To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Levit v. Yelp!, Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (requirements of notice pleading are met if plaintiff makes a short and plain statement of their claims). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The allegations must be enough to raise the right to relief above a speculative level. *Twombly*, 550 U.S. at 555.

### Discussion

Defendant requests that the Court grant judgment on the pleadings on Plaintiffs' Third, Ninth, and Tenth Causes of Action. ECF No. 61 at 3. Specifically, these causes of action include: (3) Failure to Provide Meal and Rest Breaks and Ensure Those Breaks Are Taken, RCW 49.12.020 and WAC 296-126-092; (9) Failure to Provide Meal Periods, or Compensation in Lieu Thereof,

**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS**
# 5

California Labor Code §§ 226.7 and 512, and Cal. Code Regs., Title 8 § 11090 ¶¶ 7 & 11; and (10) Failure to Provide Rest Periods, or Compensation in Lieu Thereof, California Labor Code §§ 226.7 and Cal. Code Regs., Title 8 § 11090 ¶ 12. *Id.*; *see also* ECF No. 1 at 34–54. Defendant also requests that the Court grant judgment on the pleadings on Plaintiffs' Sixth and Fourteenth Causes of Action— (6) Unfair or Deceptive Acts, RCW 19.86.20 and 19.86.090; and (14) Unfair Competition and Unlawful Business Practices, California Business and Professions Code §§ 17200, et seq.—insofar as they are derivative of the meal and rest break claims. *Id.*

Defendant states that, in *International Brotherhood of Teamsters, Local 2785 v. Federal Motor Carrier Safety Administration*, 986 F.3d 841 (9th Cir. 2021), the Ninth Circuit upheld a December 2018 Federal Motor Carrier Safety administration ("FMCSA") decision finding that state law meal and rest break claims and all derivative claims were preempted by federal law. Thus, Defendant argues that Plaintiffs' meal and rest break claims are preempted and should be dismissed.

Plaintiffs in response note that the December 2018 FMCSA decision was contrary to both agency and Ninth Circuit precedent. That being said, Plaintiffs concede that *International Brotherhood of Teamsters* upheld the preemption determination and thus state that they "do not oppose dismissal of the state law meal and rest period claims." ECF No. 62 at 2. However, they instead request that the Court dismiss the claims "*without* prejudice and *with* equitable tolling." *Id.* Specifically, Plaintiffs argue that equitable tolling is necessary to ensure that the dismissal is in fact without prejudice—otherwise, Plaintiffs argue that, if the Court dismissed the claims without equitable tolling, this would be tantamount to dismissing with prejudice, given that the class members' statute of limitations would continue to run. Thus, Plaintiffs request that the Court equitably toll the statute of limitations on the class claims "should the Agency change its position

**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS**
# 6

back to what it was before the anomalous 2018 determination and re-align itself with how the Ninth Circuit has consistently ruled on the FMSCA preemption defense both before and after the Agency's 2018 determination." *Id.*

Defendant in reply argue that neither dismissal without prejudice nor equitable tolling is appropriate. ECF No. 66. First, Defendant states that, if the Court granted the motion for judgment on the pleadings, the Court would be dismissing Plaintiffs' claims with prejudice. Specifically, Defendant argues that, under Fed. R. Civ. P. 41(b), an involuntary dismissal on non-jurisdictional grounds (*i.e.*, finding that Plaintiffs cannot state a legally cognizable claim for meal and rest break claims) would be a dismissal with prejudice. Second, Defendant argues that equitable tolling is inappropriate because (1) there are no extraordinary circumstances here that warrant tolling; (2) tolling would prejudice Defendants and contradict the purpose of statutes of limitation; and (3) it is an absurd outcome to allow open-ended tolling based on the uncertain prospect that the law might change and make Plaintiffs' claims viable. Thus, Defendant requests that the Court dismiss Plaintiffs' state law meal and rest break claims with prejudice and without equitable tolling.

The Court grants Defendant's motion and dismisses Plaintiffs' claims with prejudice and without tolling. First, the Court finds that Plaintiffs' state law meal and rest break claims are preempted. The Ninth Circuit in *International Brotherhood of Teamsters* held that the FMCSA's 2018 preemption decision "permissibly determined that California's MRB [meal and rest break] rules were State regulations 'on commercial motor vehicle safety,' so that they were within the agency's preemption authority." *Int'l Bd. of Teamsters, Loc. 2785 v. Fed. Motor Carrier Safety Admin.*, 986 F.3d 841, 854 (9th Cir. 2021). Though the Ninth Circuit recognized that the FMCSA's decision involved difficult policy tradeoffs, the Circuit ultimately held that the agency's decision was within the FMCSA's authority under the statute. *Id.* at 858 ("We appreciate petitioners' arguments in

**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS**
# 7

favor of their preferred approach to governance in the area of commercial motor vehicle safety. But in this case, petitioners' objections are ultimately as much to the statute Congress drafted as they are to the FMCSA's preemption determination."). Accordingly, multiple district courts in this Circuit have held that plaintiffs' state law meal and rest break laws[2] are preempted under *International Brotherhood of Teamsters*. *See Valiente v. Swift Transportation Co. of Arizona, LLC*, No. 219CV04217VAPKKX, 2021 WL 1799808, at *2 (C.D. Cal. Apr. 5, 2021) ("The Court finds there are no triable issues of material fact and Plaintiffs' meal and rest break claims fail as a matter of law as they are preempted by the FMCSA's determination."); *Alvarez v. XPO Logistics Cartage, LLC*, No. 218CV03736RGKE, 2021 WL 4057248, at *3 (C.D. Cal. Mar. 30, 2021) ("Plaintiffs' claims for violations of California's meal and rest break rules are preempted by federal HOS regulations, as determined in the FMCSA order and affirmed by the Ninth Circuit."); *Patton v. Midwest Constr. Servs., Inc.*, No. CV 19-8580-JFW(MAAX), 2021 WL 2982277, at *1 (C.D. Cal. June 11, 2021) ("Plaintiff was a property-carrying commercial driver subject to the FMCSA's regulations, and [] Plaintiffs' meal and rest break claims for the period of December 28, 2018 to the present are preempted."). Thus, the Court similarly finds that Plaintiffs' state law meal and rest break claims and all derivative claims are preempted.

---

[2] Technically, both the FMCSA's 2018 decision and *International Brotherhood of Teamsters* only held that California's meal and rest break laws were preempted by federal regulations—and here, Plaintiffs are asserting meal and rest break claims under both California and Washington state laws. However, based on a petition from the Washington Trucking Association, the FMCSA in late 2020 held that Washington's meal and rest break laws are also preempted. ECF No. 61 at 9.

**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS**
# 8

Second, the Court dismisses Plaintiffs' state law meal and rest break claims with prejudice. Fed. R. Civ. P. 41(b) states that, unless (1) the dismissal is based on a lack of jurisdiction, improper venue, or failure to join a party under Rule 19 or (2) the district court states otherwise, a dismissal is with prejudice. Moreover, a dismissal without prejudice is appropriate when an amendment might cure the defect that led to the dismissal. But here, the Court is dismissing Plaintiffs' state law meal and rest break claims on preemption grounds. Thus, because Plaintiffs cannot amend their claims to become viable, the Court dismisses Plaintiffs' claims with prejudice.

Finally, the Court declines to equitably toll the statute of limitations on Plaintiffs' and putative class members' claims. Plaintiffs are essentially asking the Court to equitably toll the statute of limitations until an indefinite point in time, *i.e.*, until either the Ninth Circuit or the FMCSA reverse their preemption decisions. However, there is no indication that either the Ninth Circuit or the FMCSA are inclined to reverse their decisions—and even if they might be, there is no way to predict if or when that might happen.

Moreover, the Ninth Circuit has rejected Plaintiffs' argument that dismissal without equitable tolling is tantamount to dismissal with prejudice. In *Ford v. Piller*, 590 F.3d 782 (9th Cir. 2009), a habeas petitioner argued that he was entitled to equitable tolling because the district court affirmatively misled him when it instructed him that he could dismiss his petitions "without prejudice," when in fact dismissing his petitions would result in the petitioner's claims being time-barred. But the Ninth Circuit held that the petitioner was not affirmatively misled, reasoning:

> The description of the dismissals of the petitions as "without prejudice" does not represent such a misstatement, because those dismissals were in fact without prejudice, as that term is understood in its legal sense. *See* Black's Law Dictionary 502 (8th

ed. 2004) ("A dismissal that does not bar the plaintiff from refiling the lawsuit within the applicable limitations period."). We have previously so held. In *Brambles v. Duncan,* 412 F.3d 1066, 1068–70 (9th Cir.2005), we explained that the court presented "accurate options," one of which was dismissal without prejudice, even though the options were given "twelve days after the AEDPA's one-year statute of limitations had expired."

*Id.* at 788–89.

Thus, the Court rejects Plaintiffs' request to equitably toll the statute of limitations on their state law meal and rest break claims and any derivative claims. However, Plaintiffs are free to bring a motion for reconsideration if the law changes during the pendency of this lawsuit.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS # 10**

1      Accordingly, **IT IS HEREBY ORDERED**:

2      1.     Defendant's Motion for Judgment on the Pleadings as to Causes of

3  Action Three, Nine, and Ten and Causes of Action Deriving from a Meal or Rest

4  Break Claim, ECF No. 61, is **GRANTED**.

5      2.     Plaintiffs' Third, Ninth, and Tenth Causes of Action are **DISMISSED**

6  with prejudice.

7      3.     Plaintiffs' Sixth and Fourteenth Causes of Action insofar as they are

8  derivative of Plaintiffs' meal and rest break claims are **DISMISSED** with

9  prejudice.

10     **IT IS SO ORDERED.** The District Court Clerk is hereby directed to file

11  this Order and provide copies to counsel.

12     **DATED** this 11th day of January 2022.



Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS**
# 11